**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Biliack, | No. CV-16-03631-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Paul Revere Life Insurance Company, et al., | |
| Defendants. | |

The Court held a hearing on November 13, 2019, related to a number of Plaintiff's recent filing irregularities. (Doc. 437). Steven Dawson, Sander Dawson, and Anita Rosenthal of Dawson & Rosenthal PC appeared on behalf of Plaintiff. Theona Zhordania of Sheppard Mullin Richter & Hampton, LLP., appeared on behalf of Defendants. A number of issues were discussed on the record.

**A.   Late-Filed Documents**

Prior to the dispositive motion deadline, numerous extensions of time were granted by the Court, including extensions of Plaintiff's response deadline. After the granted extensions, Plaintiff's Responses were due on October 28, 2019. (Doc. 390). Plaintiff did not timely file complete Responsive pleadings by that date, necessitating a late-filed Motion to file documents a day late. (Doc. 405). The Court allowed Plaintiff to file all Responsive pleadings by October 29, 2019. (Doc. 408). Plaintiff continued to file "corrected" Responsive pleadings well into the following week, including a corrected

Response filed as a Notice of Errata[1] on November 4, 2019, a week after the deadline. (Doc. 414). On November 6, 2019, more than a week after the extended deadline, additional documents were lodged under seal. (Docs. 416 and 417). Defendants filed a Motion to Strike. (Doc. 415).

At 4:00 p.m. on November 6, 2019, the Court struck 19 of Plaintiff's filings for a number of reasons documented in the Court's Order. (Doc. 419). The Court allowed Plaintiff another oppourtunity to file complying Responsive pleadings, and set a deadline of Noon on November 8, 2019. (*Id.*) Plaintiff failed to meet this deadline. As the Court noted at the hearing, only five documents were filed prior to Noon, with a dozen others coming in throughout the remainder of the afternoon and early evening. (Docs. 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, and 436).

The Court will retroactively extend the filing deadline to 4:00 p.m. on November 8, 2019, and allow Plaintiff to proceed with all documents filed by that time rather than striking all documents filed after Noon. However, Responsive pleadings filed after 4:00 p.m. on November 8, 2019 will be stricken by the Court as being late-filed, and for other independent reasons discussed below. As a result of the late filings, the Court will allow Defendants additional time to file Reply briefs.

### B. Issues with Operative Responses

The Court discussed a number of problems that still remain with Plaintiff's Responses.[2] (Docs. 420, 421, and 425). As discussed at the hearing, Plaintiff's Responses contain citations to various statements of fact that do not exist in the record.[3] The Court will not rely on any fact statement in a Response that is not supported by a statement of fact or corresponding exhibit. *See* LRCiv. 56.1(b) ("Each additional fact

---

[1] At the hearing, the Court discussed this misuse of a Notice of Errata, and cautioned the parties from doing so again. *See Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007).

[2] This included the case caption of two of Plaintiff's Responses, listing "Superior Court for the State of Arizona: Maricopa County" as the caption. (Docs. 420 and 421).

[3] Plaintiff's counsel acknowledged that in the process of amending the statements of fact and Responses following the Court's November 6, 2019 Order, incorrect citations were left in the Responses that do not correspond to an existing statement of fact.

must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support."); *see also* LRCiv. 56.1(e) ("Memoranda of law . . . must include citations to the specific paragraph in the statement of facts that supports assertions made in the memoranda regarding any material fact on which the party relies in support or opposition to the motion."); s*ee also Guatay Christian Fellowship v. Cty. of San Diego*, 670 F.3d 957, 987 (9th Cir. 2011) ("[J]udges are not like pigs, hunting for truffles buried in briefs."). At this juncture, the Court will not allow Plaintiff a third oppourtunity to file complying Statements of Fact. To do so would result in prejudice to Defendants.

### C. Unredacted Responses and Sealed Exhibits

At the hearing, the Court discussed the numerous redacted portions of Plaintiff's Responses. When asked why unredacted versions of the Responses were not lodged on the docket, Plaintiff's counsel stated that unredacted versions would be arriving via FedEx, and acknowledged that unredacted versions had not been lodged under seal on the docket with a Motion to Seal those Responses.[4]

Moreover, the parties informed the Court that some of the redacted portions of the Responses were supported by the confidential exhibits that Plaintiff made multiple unsuccessful attempts to correctly file.[5] (Doc. 435). An Emergency Motion to Withdraw those publicly filed documents was filed by Plaintiff. (Doc. 436). As an initial matter, those exhibits were filed on the public docket after 5:00 p.m. on November 8, 2019, and were thus late-filed.[6] Moreover, Plaintiff seeks to have these documents removed from the docket. As stated at the hearing, the Court will grant the Emergency Motion to withdraw the lodged exhibits in part, and will strike those documents from the record.

---

[4] Defense counsel also avowed that she, too, had not received unredacted Responses.

[5] As to the confidential exhibits filed on the Court's public docket on November 8, 2019, Plaintiff's counsel stated that he had reviewed the ECF filing manual for "literally two hours" and that he "went to great lengths to try to do it right and then at the end I just simply selected the entirely incorrect filing event." Moreover, these confidential documents were filed over five hours after the Court-imposed Noon deadline on November 8, 2019. (Doc. 435).

[6] They remained on the public docket for at least 3 days.

However, the Court will not allow Plaintiff a fourth oppourtunity to correctly file those exhibits.[7]

If there are statements in the Responses that do not have citations to statements of facts or exhibits in evidence, the Court will not rely on those statements. However, for purposes of having a clean record, Plaintiff shall file unredacted versions of his Responses under seal, along with a Motion to Seal the unredacted Responses. Plaintiff should take care that the correct procedures are followed to ensure the unredacted Responses are not filed on the public docket. No substantive changes to the Responses shall be made.

### D. Sanctions

Lastly, the Court addresses the issue of sanctions. Defendants' counsel shall submit an itemized billing record of all time billed, and at what hourly rates, for preparing Reply briefs to Plaintiff's stricken Responses. (Docs. 392, 393, 394, 406, 407, 411, and 414). This issue will be addressed in a future Order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall file Reply briefs by **December 2, 2019**. The Court will grant Defendants a page-limit extension and will permit each Reply brief to be 14 pages in length.

**IT IS FURTHER ORDERED** that Defendants' Counsel shall file an itemized billing record of all time billed, and at what hourly rates, for preparing Reply briefs to

---

[7] At the hearing, Counsel Sander Dawson stated that the Court struck Plaintiff's original lodged sealed exhibits because there was no corresponding Motion to Seal. However, there were four independent bases on which the exhibits were stricken. First, Defendants' filed a Motion to Strike, establishing good cause to strike the exhibits. Second, Plaintiff filed a "Notice of Withdrawal and Re-Lodging," acknowledging errors in the initial sealed lodged documents and seeking permission to have the exhibits removed from the docket. (Doc. 416). Third, the Notice filed by Plaintiff did not comply with LRCiv. 5.6(d). (*Id.*) Fourth, the sealed lodged exhibits were re-filed on November 6, 2019, <u>over a week</u> after Plaintiff's Response deadline, and without seeking or receiving leave from the Court. The Court also notes that this case is subject to a Stipulated Protective Order. (Doc. 71). That Order states, "[w]ithout written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material." (Doc. 71 at 10). There is no indication that written permission from Defendants was received *prior* to Plaintiff filing the exhibits on the docket.

Plaintiff's stricken Responses by **December 5, 2019**.

**IT IS FURTHER ORDERED** that the Emergency Motion to Withdraw Confidential Documents (Doc. 436) is **granted in part,** and the lodged exhibits (Doc. 435) are stricken from the record. The Motion (Doc. 436) is **denied in part** as to the relodging of the documents under seal. No further exhibits related to Plaintiff's Responses shall be filed.

**IT IS FURTHER ORDERED** that Plaintiff shall lodge under seal unredacted versions of the Responses, and shall file a Motion to Seal those Responses by **November 15, 2019**. No other changes shall be made to the Responses.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 433) is **granted in part**. All filings received after Noon, but before 4:00 p.m. on November 8, 2019 (Docs. 425, 426, 427, 428, 429, 430, 431, and 432), are deemed to have been received by the deadline.

Dated this 15th day of November, 2019.

Honorable Diane J. Humetewa
United States District Judge